## REUNE R. RANDOLPH *v.* JOHN S. LEARY.

The sale of the owner's interest in a building and lot of land, pursuant to a judgment in a proceeding under the act for the better security of mechanics and others, is absolute.

It is like a sale under the foreclosure of a mortgage, and it conveys all the right and title of the owner existing when the lien was effected.

This view of the nature of the sale results from the principles uniformly adopted by this court in the construction of that statute, and is sanctioned by the amendatory act of 1855. (Laws of 1855, chap. 404, p. 760.)

Where the sale is made by the sheriff, he is bound to execute to the purchaser a deed of conveyance of the owner's interest in the premises. (a)

A mere certificate of sale, as in cases of sales of interests in real estate to satisfy ordinary claims, with a view to a redemption under the statute (2 R. S. marg. p. 370), is not sufficient.

The right of redemption, given by the Revised Statutes to a debtor and to his heirs, devisees and grantees, upon a sale of real estate under an execution, does not apply to proceedings *in rem.* (2 R. S. part 3, chap. 6, title 5, art. 2, §§ 47, 48, etc.)

From the first adjudication under this statute, the court has held the proceeding thereunder to be an equitable one—*in rem* and not *in personam*—and as the foreclosure of a lien, not an ordinary action for the collection of a debt.

Whether, under the legislative interpretation of the lien law contained in the act of 1855, the judgment directing the sale of the owner's interest is not of itself a sufficient warrant for the sale, without the necessity of issuing an execution where no costs or other moneys are to be collected from the defendant personally? *Quere.*

SPECIAL TERM, MARCH, 1857.
Before INGRAHAM, FIRST J.

THIS was an application for an order directing James C. Willet, the sheriff of the city and county of New York, to execute and deliver to a purchaser a deed of conveyance of the right, title and interest of the defendant in a house and lot.

The application was founded upon an affidavit of the plaintiff's attorney, alleging, in substance, that the suit was prosecuted to foreclose a mechanic's lien upon certain premises in Forty-ninth street; that the notice of claim was filed with the

(a) See *Smith* v. *Corey, post,* p. 642.

county clerk, November 22, 1855 ; that a judgment against the defendant was docketed September 11, 1856 ; that in pursuance thereof, the sheriff advertised, and on the 24th of November, 1856, at public auction at the Merchants' Exchange, sold the premises in question to the plaintiff, to the extent of the right, title and interest which the defendant had therein on the 22d of November, 1855 ; that on the 31st of December, 1856, the sheriff was requested to make his report of sale, and to execute to the plaintiff a deed, drafts whereof were presented for his signature.

The judgment decreed the recovery of a sum found due from the defendant, as owner, to the plaintiff, as his contractor, with costs, and directed that the right, title and interest of the defendant in the land and premises whereon the lien existed, to the extent of such right, title and interest at the time the notice of lien was filed, be sold at public auction by the sheriff, in the manner prescribed by law for the sale of real property, and that the proceeds be applied to the payment of the costs and of the amount found due, and the residue then remaining, if any, be paid to the clerk, to abide the further order of the court.

The draft deed, which the sheriff was requested to execute, recited the proceedings in the cause as taken under the statute, and then proceeded in terms to " grant, bargain, sell, convey, and confirm to the party of the second part (the purchaser), and to his assigns forever, all the right, title and interest which the said John S. Leary had on the 22d day of November, 1855, of, in and to the premises (describing them), together with all and singular the hereditaments and appurtenances belonging or in any wise appertaining thereto, to have and to hold the same to the extent of the right, title, and interest of the said Leary therein on the 22d day of November, 1855, unto the said party of the second part, his heirs and assigns, to his and their use, benefit, and behoof forever."

The sheriff declined to sign the report of sale as drawn, and refused to execute the proposed deed, alleging that instead thereof, it was his duty to make out and subscribe a certificate, as upon a sale of real estate, by virtue of an execution. (See

part 3, chap. 6, title 5, art 2, § 44, of the Revised Statutes, vol. 2, marg. p. 370.)

*Lawrence J. Goodale,* for the plaintiff, the purchaser.

*Aug. L. Brown, A. Oakey Hall,* and *A. J. Vanderpoel,* for the sheriff.

INGRAHAM, FIRST J.—The sheriff having sold the interest of the defendant in certain real estate, which was subject to a mechanic's lien, by virtue of a judgment and execution in this action, refuses to execute a deed of the defendant's interest in the premises as sold by him, and bases his refusal upon the ground that he is only required to give a certificate of sale, as in cases of sales of the defendant's interest in real estate, under an ordinary judgment and execution, so that the same may be redeemed under the statute.

The act under which the lien is created, September, 1851, (Laws of 1581, p. 953,) is silent as to the duty of the sheriff in selling the defendant's interest in the premises covered by the lien.

The 1st section gives a lien for the amount upon the lot of land to the extent of the defendant's interest at the time of creating the lien.

The 4th section provides that the claimant may enforce and bring to a close such a lien by serving a notice, etc., on the debtor. These provisions show the intent of the act to be the creation of a lien on real estate, which is to be foreclosed by a proceeding in the form of an action, which lien is to continue until the judgment is recovered and payment enforced by legal proceeding. In pursuance of such a construction, we have heretofore held that a proceeding under this statute is an equitable one. In originally construing this statute, we were compelled to adopt the opinion, that in the proceedings under it the court must act as a court of equity, and that the remedy was one of an equitable rather than of a legal character. (*Doughty* v. *Devlin,* 1 E. D. Smith, p. 644.)

And in *Cronkright* v. *Thomson,* 1 E. D. Smith, p. 661, we also held that the proceeding was not to recover money from

the defendant personally, but was a proceeding *in rem* to foreclose a lien upon property; and in *Gridley v. Rowland,* ib. 670, that it was a foreclosure of a security, and formed no defence (until paid) to proceedings to recover the money in a personal action. (See also *Sullivan v. Decker,* ib. 699; *Carpenter v. Jaques,* 2 E. D. Smith, p. 571.)

In *Eagleson v. Clarke,* 2 E. D. Smith, 644, the court decided the form of a judgment to be in that case proper, declaring the sum due to be a lien upon the premises, and directing the sale of the interest of the defendant therein, etc.

. In *Althause et al.* v. *Warren,* ib. p. 657, Judge DALY, adopting these views, directed a judgment to be entered declaring the amount of the lien, directing a sale of the defendant's interest, and that the sheriff report, etc.

From a view of all the cases, it is apparent that from the first adjudication upon this statute, the court has been compelled to treat the proceeding as an equitable one, as *in rem,* and not *in personam,* and as only the foreclosure of a lien, and not the ordinary action for the collection of a debt.

The objection that payment of the judgment is to be enforced by execution, as in other actions, is qualified by the 7th section, which says the execution is to be issued for the enforcement of the claim or lien, and we have also held that the execution cannot be in the ordinary form, inasmuch as the same cannot be enforced against any other property of the defendant than the land subject to the lien, except in cases where a personal liability also exists on his part, and must specially direct the sheriff what he shall sell in pursuance of the judgment.

I have no hesitation, therefore, in regard to the question now before me, in adopting the conclusion, that the sale of the defendant's interest to be made under this statute was intended to be an absolute sale, in the same manner as under the foreclosure of a mortgage, of all the interest of the owner to the extent of such interest at the time the notice of claim was filed.

It was urged, however, in opposition to this motion, that the provisions of the Revised Statutes, 2d. vol. p. 370, allowing a

Randolph *v.* Leary.

right of redemption on the sale of real estate by virtue of an execution, applies to this case.

That statute applies only to personal actions and not to proceedings *in rem*, and the mere fact that the lien law directs an execution to issue to enforce the judgment, does not bring it within the purview of that act. The Revised Statutes apply to the case of executions issued against the goods and chattels of the debtor, and the form is prescribed to be against the personal property first, and then the real estate, and it relates to real estate held by the debtor at the time of docketing the judgment. Under the lien law nothing belonging to the debtor is to be sold except an interest in a specified piece of land, and then only as it existed at a time prior to the commencement of the action.

The provisions for redeeming also would in many instances be found inapplicable to such a case, and the security contemplated by the lien law would be materially changed if such redemption is made applicable to sales under this statute.

But whatever view may be taken of this question prior to the act of 1855, there can be no doubt of the intention under that statute. The first section prescribes the form of the judgment, and provides that it " shall direct the sale of the interest of the owner in the land and premises upon which the lien exists, to the extent of the right of such owner at the time of filing of the notice of the lien," and directs a distribution of the proceeds in part, and the surplus to be brought into court. It also provides for a distribution of such residue by the court.

The 4th section directs that such sale shall be made subject to all prior liens, unless the persons holding them are made parties, in which case the court is to settle their respective rights.

These provisions are intended more clearly to assimilate the proceedings under this act to the foreclosure of a mortgage, and I think they must be governed by the same rules.

It may well be doubted whether under the act of 1855 there is now any necessity to issue an execution merely for the sale of the defendant's interest, if no costs or other moneys are to

be collected.    The act speaks of sales of the defendant's interest
under the judgment which specially directs the sale, and the
change which is made by that statute, or rather the legislative
interpretation given by that to the former statute, might war-
rant a proceeding in this case the same as in the case of
foreclosure of mortgages.

> The motion is granted without costs.

---

### Isaac C. Smith and Ichabod S. Williams *v.* Sidney A. Corey.

The sheriff, as an officer of the court, is bound to execute the judgments and de-
crees thereof.  He cannot go behind any direction contained therein, and refuse
obedience because in his opinion such direction is erroneous.

So held, where the sheriff refused to deliver a deed to a purchaser at a sale directed
by a judgment under the mechanics' lien law, although the delivery of the deed
was required in the judgment.

The sale of the owner's interest under that statute is absolute.

A direction in the judgment, that the sheriff deliver to the purchaser an absolute
deed of conveyance of the interest in question, is proper.

The owner has no right of redemption, and the offer to the purchaser of a certifi-
cate of sale, as in cases where a debtor's interest in lands is sold under ordinary
executions, is erroneous. (*a*)

Special Term, March, 1857.
Before Ingraham, First J.

---

(*a*) See *Randolph* v. *Leary*, *ante*, p. 637.