## SUPREME COURT.

### EDWARD LAMBERT and others agt. GEORGE W. F. CONVERSE and MARTIN H. SAWYER.

*One partner or joint debtor cannot confess judgment for both;* and a judgment entered against both upon the confession of one, is void as against the defendant not signing the statement, and cannot be enforced against the *joint property,* although it is valid and may be enforced against the individual property or his interest in the joint property of the defendant signing the confession. *(See to the same effect, Stoutenburgh* agt. *Vandenburgh,* 7 *How. Pr. R.,* 229; *Bridenbecker* agt. *Mason,* 16 *id.,* 203; *and Everson* agt. *Gehrman,* 10 *id.,* 301.)

It is sufficient that the judgment and final process against an individual are *unauthorized,* to justify an application by him to set them aside. And he has a sufficient *interest* to authorize such an application where he has previously joined with his partner and made a *general assignment of their property for the benefit of creditors.*

*Oswego Special Term, April,* 1861.

MOTION by the plaintiffs in this action, and the plaintiffs in five other actions, and by the defendant Sawyer to set aside eleven judgments perfected against the defendants upon the confession of the defendant Converse, upon various grounds. The plaintiffs moving are attaching creditors of Converse and Sawyer in actions commenced in this court, for the partnership debts of the defendants, and the executions upon the judgments by confession were levied upon the joint property of the defendants, before the issuing and levy of the attachments.

A. C. MILLER and C. H. DOOLITTLE, *for motion.*
PHILO GRIDLEY, *contra.*

ALLEN, Justice. The judgments by confession were entitled against both defendants (Converse and Sawyer,) and the statement and verification were signed only by Converse, and the statement in each judgment commences, " The undersigned hereby confesses judgment," &c., and " autho-

rizes judgment to be entered therefor against the defend-
ants in this cause." Upon these statements, judgments
were entered and docketed against both defendants, and
executions issued in form against them, with directions
therein not to levy or collect the same out of the indivi-
dual property of the defendant Sawyer. The partnership
between the defendants had been dissolved some six weeks
before the confession of the judgments, and the defendant
Sawyer in no way assented to or authorized the confessions.
The Code (§ 383) requires the statement and authority to
enter judgment, to be signed by the defendant, that is, by
the individual against whom the judgment is to be entered,
and by every such individual. If there are several defend-
ants, they constitute but one party defendant. One part-
ner or joint debtor cannot confess judgment for both, and
a judgment entered against both, upon the confession of
one, is void against the defendant not signing the state-
ment, and cannot be enforced against the joint property.
This is decided in *Stoutenburgh* agt. *Vandenburgh*, (7 *How*.,
229, *and affirmed at general term;*) *Bridenbecker* agt. *Mason*,
(16 *id*., 203, *and cases cited;*) *Everson* agt. *Gehrman*, (10
*id*., 301.)

   The judgments cannot be sustained under the act con-
cerning joint debtors. The Code (§ 136) provides that
when the action is against two or more defendants, and the
summons is served on one or more, but not on all, the plain-
tiff may proceed against the defendant served, and take
judgment against all, and which may be enforced against
the joint property of all, and the individual property of the
defendant served. This is a substitute for former statu-
tory regulations, and all were designed to obviate the neces-
sity of bringing in all the defendants in a joint action, or
proceeding to outlawry against those not served with pro-
cess before the action could be proceeded in as against
those served with process. (2 *R. S*., 553, § 15 ; *id*., 377, § 1.)

   The statute is designed to facilitate proceedings in

actions commenced by the service of summons, and its ope-
ration and effect are confined to cases within its terms. It
does not authorize a judgment to be entered as against
joint debtors by the voluntary confession of one of several
debtors. This is also decided in *Stoutenburgh* agt. *Van-
denburgh*, (*supra*.) The cases cited by the learned coun-
sel, to uphold these judgments, were judgments by cognovit
before the Code, or offer of judgment under the Code, after
the service of process in an action regularly commenced,
upon the party making the offer or signing the cognovit,
and the question was upon the regularity and effect of such
judgment. (*Emery* agt. *Emery*, 9 *How.*, 130 ; *Pardee* agt.
*Haynes*, 10 *W. R.*, 630 ; *Sherwood* agt. *Mather*, 7 *How.*, 4.)
They were strictly within the act regulating proceedings
in actions where the summons had been served only on one
or more of several defendants. There was no authority
for entering or docketing the judgments against Sawyer,
and neither the judgments or executions bind the indivi-
dual property of Sawyer, or the joint property of Converse
and Sawyer. They are judgments against Converse alone,
and the debts included in them are as specialties, and rep-
resented by the judgments, his individual debts, and not
the debts of the firm. (*Olmsted* agt. *Webster*, 4 *Seld.*, 413.)
The sheriff can only sell upon the executions, the indivi-
dual interest of Sawyer in the partnership effects.

It is objected, however, that the parties moving here
have no standing in court, nor right to move.

First, it is said Sawyer cannot move, for the reason that
having, before the entry of the judgments and levy of the
executions, united with his partner, Converse, in a general
assignment of all the firm property for the payment of
partnership debts, he has no interest in the property to be
affected by the executions or by the levy and sale. But to
this there are several answers.

1. The judgments are entered and the executions in form
issued against him, and he has a right to ask that an unau-

thorized judgment against him should be expunged from the records of the court; and as an execution has been issued without authority, which directs a levy upon any property owned by him jointly with the other defendant, may ask the court to set aside its process thus wrongfully issued, without showing that he may sustain actual injury. It is sufficient that the judgment and final process against an individual are unauthorized, to justify an application to set them aside. If a defendant moved to set aside a *ca. sa.* or *fi. fa.* issued irregularly, it would not be necessary to show that his person or his property were within the baili-wick of the sheriff, and it would be no answer to show that they could not be executed, for the reason that the body could not be arrested or any property found.

2. The plaintiffs in the judgments have levied upon certain goods and chattels as the joint property of the defendants in the execution, and they are estopped from saying upon this motion, that the defendants have no interest in the property. The plaintiffs claim the goods as subject to these executions, and they cannot in the same breath, and to sustain these executions and the levy under them, say that they are not subject to their levy.

3. If an interest in the property levied on were necessary to enable the defendant Sawyer to move to set aside the judgments and executions against him, he has that interest which entitles him to be heard upon such application, and solely to remove the lien from the property seized. In *Dickerson* agt. *Benham,* (20 *How.,* 343,) it was held that a general assignment by a defendant of his property, for the benefit of his creditors, did not deprive him of the right to move to vacate an attachment previously granted against him; that his interest in the property was not entirely divested by the assignment. The right to move to set aside a judgment and execution, stands upon much more solid ground than does the right to apply to set aside an attachment and a specific levy on assigned property. But it

is sufficient that, without having acquired jurisdiction over his person, or taking any proceeding authorized by statute, judgments have been perfected against him and executions issued upon such judgments.

Upon the judgments, if regularly entered under the joint-debtor act, proceedings may be taken against the defendant not summoned originally, by summons, to show cause why he should not be bound by them, (*Code*, § 375,) and whether on the new proceedings, the liability of the defendant being established, the judgments are evidence of the extent of the plaintiff's demand against the party not served is not settled. (*Oakley* agt. *Aspinwall*, 4 *Comst.*, 513.) That his right may personally be affected as to the amount of the plaintiff's demand, should entitle him to be heard on an application to strike his name from the judgment. Conceding that every other defence is saved to the defendant not originally summoned, he may be deprived of a defence under the statute of limitations. (*Code*, § 379.)

An action in the nature of a creditor's bill may be commenced upon the return of the executions unsatisfied, to reach the joint property of the defendants and the individual property of Converse, and in such action the assignment of the defendants for the benefit of their creditors, may be attacked ; (*Austin* agt. *Ferguson*, 7 *Paige*, 56 ;) and by analogy, I see no reason why proceedings might not be had supplemental to the execution, under the Code, (*sec.* 292, *et seq.*)

The motion, then, must be granted to set aside the judgments as to Sawyer, and to strike his name from the judgments and the dockets thereof, and the executions, and that all proceedings on the judgments and executions must be stayed, except as against the individual property of Converse. This relieves me from the necessity of examining the more serious question, whether the attaching creditors can move to set aside the judgments, and I do not therefore consider it. Although it would seem that if they

could not ask that the judgments should be absolutely set aside before their rights were determined by judgments, they would still be entitled to the equitable interposition of the court to preserve the property until the actions could be determined, especially as the justice of their demands is not disputed. But as any conclusion I might come to upon that question, will not affect the order to be entered, I do not pass upon it. So as to the other questions made as to the formality and regularity of some of the judgments, and the sufficiency of the statements, they need not be considered.

Order to be entered as directed, without costs.