Watkins *v.* Abrahams and Elsie, his wife.

A confession of judgment, without action, by a married woman is void, although the consideration be money borrowed for and applied to the improvement of her separate estate.

When husband and wife unite in confessing a judgment, it may be retained as good against the husband, though void as to the wife.

Appeal from the Supreme Court. In April, 1853, the defendant, Abrahams and his wife signed a statement in writing, and verified it by the oaths of both, for the purpose of

confessing judgment thereon without action. The indebtedness arose upon four promissory notes, two of them made by third persons and indorsed by both the defendants, the others made by the two defendants. All of the notes had been discounted by the plaintiff, had matured and were dishonored. Upon this statement a general judgment was entered against the defendants for $1,179.47. Afterwards upon an affidavit that the husband had no property, and that the wife was the owner of real estate—her separate property—a receiver was appointed of her separate estate. The wife had notice of the motion for that purpose, but being ignorant of her rights, suffered it to go by default. Upon being instructed of her rights, the defendants moved to vacate the order and for general relief. It was shown in opposition to the motion, that the money for which the judgment was confessed was borrowed for the purpose of being expended, and was in fact expended, in building a house upon one of the lots belonging to the wife's separate estate. The court, at special term, vacated the order for a receivership, and set aside the judgment as to both defendants. This order having been affirmed at general term, in the third district, the plaintiff appealed to this court.

*John K. Porter*, for the appellant.

*Martin J. Townsend*, for the respondents.

MASON, J. I do not see that there was any error committed in setting aside the judgment in this case, which this court can review. I do not understand that a personal judgment can be entered against a *feme covert* by confession. There are good reasons why this cannot be done. In the first place the common law courts in England and this country do not allow a judgment *in personam* to be given against a *feme covert*. It has been so long and well settled, that such a judgment could not be rendered against her, that it has been held erroneous, and such judgments invariably have been set aside on motion. (2 Grah. Pr., 772, 2d ed.; *Brittin* v. *J. M. Wilder and Mary Wilder*, 6 Hill, 242; 3 Taunt. R., 261.) There is

nothing in the present Code that removes the disabilities which the common law has thrown around a married woman in this respect, and she can no more confess a valid judgment *in personam* than an infant. She was always placed on the same footing in this respect as an infant. This judgment was clearly erroneous against the wife, and was properly set aside as to her; and it seems to me it was entirely discretionary with the court below, whether they would amend the record which had already been filed, and allow the judgment to stand against the husband, or whether they would set it aside entirely. (6 Hill, 242.) It involved a mere question of practice, which this court cannot review (2 Comst., 186), but as my brethren are of opinion that the judgment against the husband was right, and that the court should not have set it aside as to him, the order is affirmed as to the wife, and reversed as to the husband.

All the judges concurring,

Ordered accordingly.