[CLINTON GENERAL TERM, May 7, 1867. *James, Potter* and *Rosekrans,* Justices.]

———•◦•———

## GRANT and others *vs.* VANDERCOOK.

Proceedings to foreclose a lien, under the mechanics' lien law, are purely *in rem,* founded on statute, and cannot be used for any other purpose than such as the statute contemplates.

Such proceedings operate only as a foreclosure of the lien, and not as an action for the collection of a debt.

The judgment in these proceedings is designed to enforce the lien; and unless one is recovered and docketed during the life of the lien, i. e., within one year from the time of the creation of the lien—none can be recovered afterwards.

A judgment recovered after the expiration of the year is unauthorized and void, and will be vacated on motion.

If the lien' has expired or failed, no judgment whatever can be rendered for the claimant. He, cannot convert his proceedings into an action for the recovery of money upon a personal contract, and insist upon the defendant's personal liability.

APPEAL by the defendant from an order made at a special term denying a motion to set aside a judgment as irregular and void.

This was a proceeding instituted by the plaintiffs as claimants, against the defendant as owner, under the act of the legislature of 1854, as amended by the act of 1858, to foreclose a mechanic's lien on certain premises of the defendant situate in the town of Watervliet, Albany county, N. Y. The lien was created and filed in the town clerk's office of that town September 6, 1867. A notice,

substantially in the form prescribed by the statue, stating the claim to be for $224.10, for materials furnished for, and used upon, two houses of the defendant in Watervliet, (describing the lots,) and notifying the defendant to appear and answer, or that judgment would be taken against him for the amount of the claim, to enforce said lien, accompanied by the usual bill of particulars of the plaintiff's claim, was served on the defendant April 18, 1868. An answer was served, in June, 1868, denying the claim and the amount; denying the purchase of the materials, and denying the regularity of the lien.

Judgment was not entered, in such proceeding, until May 29, 1869, being one year and eight months after the lien was created and filed, and it was then entered upon a trial of said issues before the judge holding the May circuit, in the absence of the defendant, who failed to appear. The findings of the judge established the plaintiffs' claim at $224.10, with interest; declared-the filing of the lien, and the materials to have been furnished for the houses specified in the notice; and ordered judgment in favor of the plaintiffs, for the amount claimed. Judgment was accordingly entered, after reciting these proceedings, that the plaintiffs recover the amount so found, together with the costs as taxed.

The defendant gave notice of a motion for the special term, in June, 1869, to set aside such judgment and all subsequent proceedings, as irregular and void, on the ground that the lien having expired September 6, 1868, no judgment whatever could be entered in this action, in favor of the plaintiffs. An execution was issued, which showed that the plaintiffs advertised for sale the right, title and interest which the defendant had when the lien was filed.

The court, at special term, denied the motion, and the defendant appealed to the general term.

*Charles F. Doyle,* for the appellant.

*J. F. Crawford,* for the respondents.

*By the Court,* HOGEBOOM, J. Under a somewhat similar statute in New York city, the Court of Appeals held, in *Freeman* v. *Cram,* (3 *Comst.* 305,) that a mechanic's lien only continued one year from the commencement thereof, and was not prolonged by a judgment against the owner of the property, obtained within the year. Such a judgment appears to have been obtained, in that case, against one Armeat, the original contractor and owner, who having died, this suit was instituted by way of *scire facias,* against the defendant, as subsequent owner and terretenant, Armeat having sold the premises to him, and he purchasing the same in good faith. The claimant's lien, if he had one, having thus expired on the 6th of September, 1868, over eight months before judgment was obtained in this action—for the provision for the continuance of the lien is subtantially the same as in the New York statute—it is contended, on the part of the defendant, that the plaintiffs were not, at that time, viz., May 29, 1869, entitled to any judgment whatever. The remedies created in the mechanics' lien law are of a purely statutory and extraordinary nature, and the provisions for their enforcement must be strictly construed. (*Roberts* v. *Fowler,* 3 *E. D. Smith,* 632.) It authorizes a summary proceeding to obtain a judgment and to enforce the payment of claims due to contractors and laborers, and declares the court open at all times for the purpose of facilitating the collection or enforcement of such claims, (§ 6 *of the act of 1854, p.* 1086;) and claimants must take advantage of the facilities afforded them to recover and docket their judgments; and I think they must accomplish it during the life of their liens, in one year, or else they lose their claims

against the property, so far as they depend upon the provisions of that act.

This statute of 1854, (*Laws of* 1854, *p.* 1086,) as amended by the laws of 1858, page 324, which amendment simply extends the provisions of the act to all the counties of the State, except New York and Erie, under which this lien was filed and proceedings commenced, authorizes the recovery of a judgment and the docketing thereof, and provides that the lien shall continue until the expiration of one year, unless sooner discharged, but that when a judgment is rendered therein, *within the year*, and docketed, it shall be a lien upon the real property of the party, to the extent that other judgments are a lien thereon. (*See* § 20 *of the act of* 1854.) There is no express provision in the act that judgment may be entered after the expiration of the year, and probably because one year was deemed sufficient time for a contractor or laborer to collect his claim, and to enforce it by judgment and execution. The proceeding is summary, and the court is open at all times to aid him, and with proper diligence it was probably supposed he could not fail to obtain his judgment within the year, if entitled to it.

No judgment having been recovered or docketed by the claimant, in this case, on or before September 6, 1868, it seems to me he was not at any time after that entitled to any judgment against the property described in the lien. (*Freeman* v. *Cram*, 3 *N. Y. Rep.* 305, 309.)

In this case of *Freeman* v. *Cram*, an action was brought by Freeman & Watt, the contractors, for the enforcement of a lien under the lien statute of 1844, and the question raised for the decision of the Court of Appeals was, whether the claimant had any lien under that statute, or whether it expired at the end of the year, and it was held by the court that it expired at the end of the year, and was not prolonged by an action commenced within the year, or by a judgment obtained within the year, and that a

Grant *v.* Vandercook.

judgment subsequently obtained did not relate back to it and keep the lien alive.

The corresponding sections of the act of 1844, (under which this last case was decided,) and the act of 1854, (under which these proceedings were commenced,) in relation to the duration of the time, are as follows:

Act of 1844, § 3. The lien created by this act shall take effect from such filing and such service of the said notice, and shall continue in full force for the space of one year thereafter, &c.

Act of 1854, § 20. Every lien created under the provisions of this act shall continue until the expiration of one year, unless sooner discharged by the court, or some legal act of the claimant in the proceedings, &c.

The claimant, on the 29th of May, 1869, when the judgment was obtained in this action, was not, I think, entitled to any judgment whatever. He could not recover under the lien, as that had expired. (*Freeman* v. *Cram,* 3 *N. Y. Rep.* 305.) There being no lien, and the proceeding statutory and special, there would seem to be no foundation for the proceedings, to foreclose. (*Beals* v. *Congregation &c.,* 1 *E. D. Smith,* 654. *Cronkright* v. *Thomson, Id.* 661, 670.) He could not, I think, use the proceedings commenced to foreclose the lien for any other purpose than such as the statute contemplates. (*Sinclair* v. *Fitch,* 3 *E. D. Smith,* 677. *Lewis* v. *Varnum, Id.* 690, *n. Foster* v. *Poillon,* 2 *id.* 556. *Quimby* v. *Sloan, id.* 594.)

The statute authorized him to proceed against the property on which he had acquired a lien, but not—at least not except in connection with such a lien—against the defendant personally; and he had no right, and the court no power to grant him the right, to change the nature of the proceedings. (*Sinclair* v. *Fitch,* 3 *E. D. Smith,* 677. *Lewis* v. *Varnum, Id.* 690. *Quimby* v. *Sloan,* 2 *id.* 594 *and* 609.)

It has been held in the Superior Court of New York, that the proceeding to foreclose a mechanic's lien is a pro-

ceeding *in rem*, not *in personam*, and operates only as a foreclosure of a lien, and not as an action for the collection of a debt. (*Randolph* v. *Leary*, 3 *E. D. Smith*, 637. 4 *Abb. Pr. Rep.* 205.) These actions, it is said, are purely proceedings *in rem*, founded on statute, and can be used for no other purpose, when this purpose fails. (*Quimby* v. *Sloan*, 2 *E. D. Smith*, 609. *Cronkright* v. *Thompson*, 1 *id.* 661. *Cox* v. *Broderick*, 4 *id.* 721.)

This was a proceeding *in rem* (primarily at least) against specific property subject to this lien, which proceeding against the property existed by virtue of the lien created by statute. If the lien expired before his judgment could be had, then it is claimed, with much force, that the right to recover the property failed, and no judgment whatever could be had.

If the lien had expired on September 6, 1868, being one year after it was created, then on May 29, 1869, when the judgment was obtained, there was no lien; consequently, it is contended no judgment could be rendered against the defendant, or the property in question, as the foundation for the proceedings to foreclose was swept away. (1 *E. D. Smith*, 654, 661, 670. 2 *id.* 594, 609.) "Having called the defendant into court in a peculiar mode prescribed by statute for a particular purpose, only applicable to a specified claim, if the lien fails the plaintiff cannot convert his proceedings into an ordinary action for the recovery of money upon a personal contract, and insist upon the defendant's personal liability." (*Quimby* v. *Sloan*, 2 *E. D. Smith*, 609. *Bailey* v. *Johnson*, 1 *Daly*, 61.)

It would seem to be beyond doubt, under section 20 of the act of 1854, and the decision in 3 *N. Y. Rep.* 305, that this lien had failed on May 29, 1869. The judgment, it would seem, could only sell the right, title and interest of the defendant when the lien was filed, not when judgment was docketed. (*Sections* 11 *and* 12 *of the act of* 1854, p. 1089. *Smith* v. *Corey*, 3 *E. D. Smith*, 642. *Doughty* v. *Dev-*

*lin*, 1 *id.* 625. *Lenox* v. *Trustees of Yorkville*, 2 *id.* 673. *See also* 1 *id.* 644; 2 *N. Y. Rep.* 247.)

But the plaintiffs claim that although their mechanics' lien has ceased to be operative by reason of failing to foreclose within a year, still they can use the proceedings they have commenced, to foreclose after the expiration of the lien, as an action on contract to recover the claim (which the lien secured) and obtain a judgment which binds the defendant's estate generally from the day of its docketing; or, in other words, that they can abandon their lien, and recover a personal judgment against the defendant, which will bind his property as if the action had been originally commenced on the simple contract, irrespective of the lien. Their theory is based on section 14 of the laws of 1854, page 1090, which says: "After issue joined, the action shall thereafter be governed and tried in all respects as upon issue joined and judgment rendered in other actions arising on money demands upon contracts in said court, and the judgment enforced as prescribed by section 11 of said act." But it must be borne in mind that this same language was used in section 8 of the laws of 1851, page 955, regulating mechanics' lien in New York city; and yet the court held, in *Quimby* v. *Sloan*, (2 *E. D. Smith*, 609,) and *Sinclair* v. *Fitch*, (3 *id.* 691,) both decided under the law of 1851, section 8, page 755, that notwithstanding that section 8 of 1851, the proceedings could not be used to recover a personal judgment against the defendant. That if the lien had expired or failed, no judgment whatever could be rendered for the plaintiff, and that the plaintiff could not convert his proceedings into an action for the recovery of money upon a personal contract, and insist upon a personal liability. Those cases were where the contractor sued the owner and established his claim, but failed to establish any lien.

Section 8 of the laws of 1851, page 955, under which *Quimby* v. *Sloan*, (3 *E. D. Smith*, 607;) *Sinclair* v. *Fitch*,

(3 *id.* 691;) and *Randolph* v. *Leary*, (*Id.* 637,) were decided, reads as follows: " After issue joined, the action shall be governed, tried and judgment thereon enforced, in all respects, in the same manner as upon issues joined and judgment rendered in all other civil actions for the recovery of money, in the said court."

So, it will be perceived, almost the very identical language is used in section 8 of the laws of 1851, page 955, as is used in section 14 of the laws of 1854; and the court held, in 2 *E. D. Smith*, 609, that section 8 of the laws of 1851 does not allow a personal judgment against the defendant. " The judgment is designed to enforce the lien. This proceeding is called a proceeding to enforce the lien. (*Sections* 6 *and* 11, *act of* 1854.) The execution to be issued is for the enforcement of the claim. (*Section* 11, *act of* 1854.) By the first section the extent of the lien is confined to the right, title and interest of the owner existing at the time of filing the notice, and the form of the judgment and execution will require adaptation to this limitation. And when the legislature, in the act in question, has likened the proceedings herein to proceedings upon issues joined and judgments rendered in other civil actions for the recovery of moneys, they must be deemed to mean civil actions for the recovery of money secured by liens upon property in some sort resembling the liens contemplated by this statute." (*Doughty* v. *Devlin*, 1 *E. D. Smith*, 644.)

Again, in *Cronkright* v. *Thomson*, (1 *E. D. Smith*, 663,) decided under section 8 of the laws of 1851, it is said the proceeding is not an action to recover money from the defendant personally, for goods sold to a contractor, or labor done for him. It is instituted to foreclose a lien upon property. It is a proceeding *in rem*, and the first step is to prove a lien ; for without that there is no foundation for the proceeding."

Section 20 of the laws of 1854, page 1091, by providing

Grant *v.* Vandercook.

that the judgment, if obtained within the year, shall become a lien upon the real estate of the party, to the extent that other judgments are, would seem to intend to exclude a judgment obtained subsequently. It would seem to intend that no judgment can be rendered after the year, because it can only be a lien provided it is obtained in the action within a year. No judgment was rendered in this action until eight months after the lien had expired; that is, eight months after the year during which the lien existed had expired; or, in other words, the lien was filed September 6, 1867; it expired September 6, 1868, and judgment was rendered May 29, 1869, eight months after the expiration of the year and lien.

Then these conclusions from the decisions would seem to be warranted:

1. The lien expired September 6, 1868.

2. The judgment obtained May 29, 1869, did not relate back and authorize a sale, or prolong the lien.

3. If there was no lien on May 29, 1869, because it had expired, then there was no lien to foreclose, and could be no valid proceeding for that purpose, and no judgment could be rendered in favor of the plaintiff.

4. No personal judgment could be rendered in favor of the plaintiff, in these proceedings.

5. If the lien has expired, then no right exists to sell the property in question, as a judgment does not resuscitate it, and the judgment within a year only determines the amount of the lien and the order of foreclosure. The judgment does not take effect, as in ordinary cases, from the time and by force of its docketing, but rather by force of the lien. The judgment does not make the lien. That exists by the notice as filed. The judgment simply determines the amount, and orders sale; hence if there be no lien there is nothing to determine, and the docket determining nothing, a judgment is irregular and void. Hence, there being no lien existing, the judgment cannot

restore it, and the judgment rendered not being itself an authorized lien, under the statute, against the defendant's property, cannot be upheld and enforced for any other purpose.

If the plaintiffs have any claim against the defendant, and that claim exists, they must proceed in the ordinary way to enforce it; and the defendant being perfectly solvent, worth, as stated in his affidavit, some $24,000, over and above debts, there is no hardship in compelling them so to do, and no equity can intervene to prevent it.

The judgment does not become a lien against the property of the defendant by force of its being recovered and docketed, but simply determines the amount of the lien and directs a sale of the right, title and interest of the defendant in the property when the lien was filed. (*See Freeman* v. *Cram*, 3 *Comst.* 308, 309.)

The lien of a judgment on contract and one on mechanics' lien are different, and not connected with each other, only so far as a judgment and sale are made, under the lien, within a year. The lien is not so much by force of the judgment as of the mechanics' lien; the judgment does not give birth to the lien, but only provides the means to enforce it. The lien exists by virtue of the statute, and independently of the judgment.

The lien does not take effect when judgment is docketed, but relates back to the time when the mechanic's lien is filed. Hence, if, when the judgment was docketed, the lien had expired, then there was no lien on the defendant's property which the judgment could sell or relate back to. There was no lien by force of the judgment simply, for that created no lien, and bound no property, unless the mechanics' lien was in force. There was then a want of power in the court to order the judgment; that is, the court had no jurisdiction to enforce the lien, as the lien had already expired. In such cases a motion to set

aside and vacate the judgment is proper, and the party is not driven to an appeal from the judgment. The judgment being not authorized by law or the statute in question, and not in conformity to it, I think the remedy by motion was proper. (*See* 13 *How. Pr.* 43. 17 *Abb.* 36, *n.* 12 *id.* 331. 40 *Barb.* 408, 415.)

" The objection to the judgment is not to its irregularity, but that it is altogether unauthorized, and void or voidable for want of authority in the court to render it; in such cases the judgment should be vacated, on motion." (*See* 12 *Abb.* 331, 333.) The defendant was not bound to appear on the trial and raise this question. As it strikes at the root of the whole proceedings, it is a jurisdictional defect, which can be taken advantage of at any stage of the proceedings. It is not a question of irregularity simply, which the party could waive by not raising it on the trial, but it is a question of want of power in the court to order judgment, as the foundation of the judgment had been swept away. The lien which founded the action and the plaintiffs' right to recover, was of no effect and validity. It had expired. Consequently no judgment could be rendered under the lien. It could not be used as a foundation for the execution issued upon it. (*Quimby* v. *Sloan*, 2 *E. D. Smith*, 609. *Cronkright* v. *Thomson*, 1 *id.* 661. *Cox* v. *Broderick*, 4 *id.* 721.) Nor to recover upon contract the debt which the lien professed to secure. So the want of power is apparent. The defendant's remedy, by motion, to vacate a judgment without authority, seems to be proper. The judgment does not conclude him, as it is without jurisdiction. It has been held, in various cases, that where a judgment is void or voidable, the proper way is to move to set aside or vacate it. (24 *N. Y. Rep.* 72. 6 *Hill*, 242. 6 *Cowen*, 393. 3 *id.* 68. 22 *How. Pr.* 265.)

Upon the authorities quoted, and a proper construction

of the statute in question, I think the motion should have been granted, and the judgment and subsequent proceedings vacated and set aside, with costs.

The order appealed from should therefore be reversed, with costs.

[ALBANY GENERAL TERM, December 6, 1869. *Miller, Ingalls* and *Hogeboom,* Justices.]