## SUPREME COURT.

WILLIAM T. KELSEY agt. THOMAS J. ROURKE, Contractor, et al.

*Enforcement of mechanics' liens.*

In a proceeding in the supreme or county court to enforce or foreclose a mechanic's lien under chapter 489 of the Laws of 1873, the provisions of the Code have no application until after issue joined.

By section 22 of the act, the lien created by the notice continues for one year thereafter, and unless proceedings are commenced within that time, the lien ceases, and as the statute requires the service of the notice and bill of particulars, duly verified, upon the contractor, a failure to serve such contractor within the year vitiates the entire proceeding.

Leaving the process with the sheriff of the county within the year, with intent to have the same served upon the contractor, if not served within the year, is unavailing.

A personal judgment cannot be rendered against the contractor, where all the parties defendant are not served within the year.

*Albany, January* 31, 1876.

THIS was an action brought to enforce a mechanic's lien. The defendant Rourke entered into a contract with defendant Palmer, who was the owner of the property, to erect a building in the city of Albany. At the request of Rourke, the plaintiff furnished materials which were used in the construction of the building. One Ackerman, also a defendant, likewise furnished materials. All the parties resided in the county of Albany.

At the Albany circuit, October 6th, 1875, this cause was referred to Joseph M. Lawson, Esq., attorney at law, of the city of Albany, to hear and determine the same. The other facts are stated in the opinion.

*H. L. Washburn, Jr.*, counsel for the plaintiff, claimed that this was an action within the meaning of the Code; and the process having been left with the sheriff within the year, the service made afterward was a good service (*Code, sec.* 99; *The People* agt. *County Judge*, 13 *How. Pr. R.*, 398).

II. He also insisted, that two of the defendants having been served within the year, it was a valid commencement of the action.

*Edward J. Meegan*, counsel for defendant Rourke, argued:

I. Proceedings to impose and enforce mechanics' liens have no foundation in common law, but *rest* and must find *support* entirely upon the statute authorizing them (54 *N. Y. R.*, 226; 50 *id.*, 360; 57 *Barb.*, 165; 8 *Abb. Pr.* [*N. S.*], 455; 40 *How. Pr. R.*, 94; 7 *Da. Reg.*, 245).

II. The Code cannot aid the claimant, as it does not apply to this case.

1. Section 99 of the Code only applies where the defendants are joint contractors, or otherwise united in interest. It also speaks of a summons, not a "notice," being delivered to the sheriff. Sections 128 and 129 of the Code define what a summons is, and it differs essentially from the notice prescribed by section 6 of chapter 489 Laws of 1873; and statutes must be construed according to the language employed (54 *N. Y. R.*, 226).

2. Besides, this proceeding is not an action within the meaning of the Code, but is a special proceeding. The Code provides, "An action in an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense" (*Code, sec.* 2).

"Every other remedy is a special proceeding" (*Code, sec.* 3).

3. This is an "extraordinary proceeding;" it is a proceeding *in rem.* (57 *Barb.*, 165; 57 *N. Y. R.*, 409, 415).

4. It is quite clear that the Code has no application to the initiation of these proceedings; nor at all until issue be joined, and then only by express reference. Thus section 111, relating to the prosecution of proceeding in name of the real party in interest, does not apply (57 *N. Y. R.*, 409.) So section 121, in reference to abatement on death of party and a revivor thereof, does not apply (*Leary* agt. *Gardner*, 1 *N. Y. Weekly Dig.*, 442).

5. The whole scope of the act shows that it has no relation to the Code.

*a.* Instead of a summons and complaint a "notice" and "bill of particulars duly verified," must be served (*secs.* 6 *and* 10).

*b.* When the owner or party in interest cannot be found, the notice may be left at his residence (*sec.* 9).

*c.* In defaults, damages must in all cases be assessed by the clerk (*sec.* 11).

*d.* Costs are discretionary (*sec.* 18; 40 *How. Pr. R.*, 94).

*e.* Provision is made for appeals (*sec.* 23).

6. Certain provisions of the Code are made applicable. Thus, section 17 provides for references, as in section 271 of the Code; and after issue joined (by section 14), the action is to be tried as other issues upon contract.

7. Upon an appeal, giving security, and the clerk marking on the docket "secured on appeal" does not affect the judgment as in cases under the Code (11 *Abb.* [*N. S.*], 335).

8. A nonsuit is a bar to another action (1 *E. D. Smith*, 681).

III. The language of section 20 forbids the claimant's point, that service upon the owner only is a valid commencement of the action (*L.* 1873, *sec.* 20, *chap.* 489). If Rourke was not served at all, clearly he would not be bound by any judgment against him (6 *Peters R.* [*W. S.*], 61). And where the Code does not apply, a commencement of a suit against one of two joint debtors, does not prevent the other

from pleading the statute, when subsequently brought in by process (*Meritt* agt. *Hoyt*, 7 *Daily Register*, 661).

The following opinion was delivered by the referee :

Action to enforce or foreclose a mechanic's lien, under chapter 489, Laws of 1873.

Notice to effect lien was filed in the office of the clerk of Albany county, August 11, 1874.

Notice and bill of particulars, verified in proceedings to enforce or foreclose the lien, were served on Palmer, owner, and Ackerman, a claimant, August 9, 1875 ; and were, on August 10, 1875, delivered to the sheriff of Albany county to be served on Rourke, contractor, but not served on him until September 2, 1875.

Rourke moves for dismissal, on the ground that the action to foreclose this lien was not brought until after the expiration of one year after the filing of the notice.

First. I am of the opinion that an action to foreclose or enforce a mechanic's lien, under chapter 489 of the Laws of 1873, is not an action under the Code; and that the provisions of the Code are not applicable thereto, except so far as made applicable by the act itself, which, by section 14, is only after the action has been commenced, issue joined, and the cause put upon the calendar; thereafter, the action shall be governed and tried, in all respects, as issues joined in actions upon contracts; and if judgment be for the claimant, it is to be enforced as provided by this act, and if against him, it is to be enforced as in other actions. The statute has its own limitation of time for retaining and enforcing the lien obtained, and its own provisions for commencing proceedings, and must be strictly followed, and the proceedings must rest entirely upon it (54 *New York Reports*, 228).

Section 471 of the Code provides that part 2 of the Code (which includes that portion thereof relating to actions and the commencement of them), shall not affect "any special statutory remedy not heretofore obtained by action;" and

prior to the Code the enforcement of a mechanic's lien was by special proceedings under the statute giving the lien, and not by action, although, as now, some portions of the proceedings were conducted as in an action (*See act of* 1844, *chap.* 305; 4 *Edm. Stat., p.* 669).

The court of appeals have held, in *Hallahan* agt. *Herbert et al.* (57 *New York Reports, p.* 415), that the proceeding under this act to enforce a lien is not an " action " within the Code, but is a special proceeding (*See, also, Grant* agt. *Vandercook,* 57 *Barb.,* 165). Such being the case, section 99 of the Code does not apply to these proceedings and their commencement, notwithstanding, in the act, the proceeding is designated as an action.

We then come to the provisions of the act itself. .

The provisions of the mechanics' lien law are of a purely statutory and extraordinary nature, and the provisions for their enforcement must be strictly construed (*Roberts* agt. *Fowler,* 3 *E. D. Smith,* 632; *Grant* agt. *Vandercook,* 57 *Barb., at p.* 167; *Benton et al.* agt. *Wickwire,* 54 *New York R., at p.* 228).

Second. By section 22, it is provided " that the lien created by the filing of the notice shall continue for one year thereafter; but if, within such year, proceedings are commenced under this act, to enforce or foreclose such lien, then such lien shall continue until judgment is rendered thereon," &c. Beyond all question, the lien ceases at the expiration of one year from the time of filing the notice in the office of the county clerk, unless, within the year, proceedings are commenced, under this act, to enforce or foreclose such lien. The reasoning in *Grant* agt. *Vandercook* and *Benton* agt. *Wickwire* (*supra*), fully supports this conclusion. The only proceedings provided, or that can be commenced under this act, to enforce or foreclose the lien, is the commencement of an action under section 6.

Third. Section 6 of the act of 1873 provides that the action shall be commenced by service of notice, &c., " on the

owner of the property, or such party in interest as aforesaid (as defined by section 1), or his agent, as well as upon each and every claimant by whom notice of lien shall have been previously filed, as well as upon any contractor," &c.

I am of opinion that the action is not to be deemed commenced until service of the notice, &c., upon all the parties, the expression " as well as " having the same significance as " also ; " and that an attempt to commence it by service upon one or more parties is not to be deemed a commencement thereof under this act. There is no provision in the act for its being so regarded. It is only by his own delay that a claimant may fail to get due service of the notice, &c., upon all the parties (and thereby commence proceedings under said act to enforce his lien) within one year from the filing of the notice. Section 9 provides for service by leaving a copy at his last place of residence, and publishing notice, in case the party is absent from the state, or keeps himself concealed therein.

Fourth. It must be held in this case, I think, that the claimant has failed to comply with the terms of the act in not serving the notice and bill of particulars verified upon the contractor, Rourke, within one year from the time his notice was filed in the county clerk's office. This being so, the claimant has lost such lien as he may have obtained by the filing of his notice on the 11th of August, 1874, and there is no lien in existence to be enforced in this proceeding ; and the proceeding being *in rem* (*Grant* agt. *Vandercook, supra, p.* 170), and as (under the opinion of the commission of appeals expressed in *Benton* agt. *Wickwire, supra*) a personal judgment cannot be rendered in a proceeding to enforce a lien in a case where the lien has ceased, the proceedings of the claimant, William T. Kelsey, must be dismissed with costs.