McCue, J.
[after stating the facts.]—The appeal presents two questions: 1st. As to the joint liability of the contractors ; and, 2nd. As to the right of the plaintiffs to a personal judgment against the contractors, where they fail to establish their right to a lien.
A third question is suggested affecting the regularity of the report, in this, that the referee failed to report whether there was any indebtedness from the owners to the contractors at the time of the filing of the lien. The omission of the referee to report upon this question is explained by the fact that the owners do not appear to have put in any answer. It was stated on the argument, however, that a sum of money, which was admitted to be due by the House of the Good Shepherd to the contractors, had been already paid into court by them, and had been withdrawn by the plaintiffs, so that, for all practical purposes, the owners were relieved from all further interest in the controversy, and they therefore left the action to proceed without formal defense on their part.
Whatever force there may have been in this objection to the form and substance of the report, was obviated by the above consideration, and also, if anything further were necessary, by the special finding made by the referee at the request of the defendants, that there was no indebtedness from the owners to the contractors.
Upon the question of the joint liability of the- contractors, we think the testimony fully justifies the finding of the referee. It was not necessary that there-should have been a formal or general partnership between them, it was sufficient that as to this particular-work the material was purchased for their joint account.
*338 The remaining question then relates to the entry of a personal judgment against the defendants. The defendants’ position is this, that no personal judgment can be recovered against them because the plaintiffs have failed to establish a lien, and our attention is called to the language of the act (Laws 1862, sec. 13, chap. 478), which says that a “judgment may be rendered against a contractor, or sub-contractor for the amount which shall be found owing by him, in addition to the judgment hereinbefore provided for against such owner.” And it is urged that inasmuch as the judgment, contemplated as the main reliance and security of the lienor, failed because there was nothing due from the owners to the contractors, there was no judgment to which this personal judgment could be added; in other words, and to quote the language of counsel, “something could not be added to nothing.” That it would be in effect “to permit the plaintiff to abandon the action under the lien law, and to proceed to judgment as if the action had been on contract for goods sold ,and delivered:”
We think the construction placed upon this section by appellants’ counsel entirely too restricted. It was clearly the intent of the legislature to determine all the rights of the parties as between themselves in the one action. The very first fact which it was necessary to establish was the indebtedness from the contractors or sub-contractors to the lienor. If he failed in this, the lienor had no further standing in court, for the lien was given only to him who had furnished materials, &c. Having, however, established the indebtedness from the contractors to him, it was eminently proper to go one step further, and give full effect to this determination by giving the lienor a judgment for the amount so found due ; and therefore the legislature provided that there should not only be a remedy in rem but also in person-am.| as against those personally liable for the debt. Other *339 wise, if the plaintiff failed to realize enough out of the sale of the land to pay his claim he would be obliged to resort to an ordinary action at law to recover the de"flciency—a very useless burden to place upon the creditor, since the court had full jurisdiction over the parties and was competent to determine their respective rights and obligations and to render judgment, full and final, in respect thereto.
This is the construction which has been adopted by us in several cases arising under the lien law, and such also is the rule which has been declared by the court of appeals, as we understand it (Spencer v. Barnett, 35 N. Y. 94; Glacius v. Black, 50 Id. 153). I am aware that a different construction has at times prevailed.
In Titus v. Opie (not reported), a case arising in the second judicial district, Lott, J., delivering the decision of the-court at general term, there was an expression of opinion to the effect that a personal judgment was only authorized in the case of a valid lien against the owner, and in addition to the judgment establishing a lien. But it is proper to observe that the decision of the court reversing the judgment below was not placed upon this ground, but upon the ground of error in the admission of testimony.
In Grant v. Vandercook (57 Barb. 165), decided in 1867, it was held that where a lien has failed or expired no judgment whatever could be rendered for the claimant; and in Donnelly v. Libby (1 Sweeny, 259), decided in 1869, a similar rule was adopted.
Kelsey v. Rourke (50 How. Pr. 315), decided in 1876 (involving the Albany, lien law), holding that a personal judgment cannot be rendered in a proceeding to enforce a lien in a case where the lien has ceased, rests upon the authority of Grant v. Vandercook and Benton v. Wickwire (54 N. Y. 228).
Moran v. Chase (52 N. Y. 346), is also referred to as sustaining the same doctrine.
*340 I have here noticed the leading cases to which our attention has been called as supporting the appellants’ position. A brief examination, however, of a few cases to which I will now call attention will, I think, be sufficient to establish the proposition that a personal judgment may be rendered although the lien fail.
Grlacius v. Black (50 N. Y. 145), directly involved the question under examination.
The appeal was from a judgment of the general term of the supreme court, in the second judicial department, affirming a judgment in favor of the plaintiff upon the report of a referee, and the action was upon a claim filed under the mechanic’s lien law. The plaintiffs recovered personal judgment.
The judgment below was reversed upon the ground that the referee erred in regarding the acceptance of work by the architect as conclusive upon the question of performance of the contract.
At the close of his opinion, the chief justice says, “The point is made by the appellant that the judgment should be reversed without a new trial, claiming that the lien has expired, and no personal judgment can be rendered against the defendant. This position is not tenable. If the lien has expired, the action can still be prosecuted as a personal action,”—thus directly reversing the cases above cited (Grant v. Vandercook, Donnelly v. Libbey, and Titus v. Opie).
Although decided in 1872, Glacius *. Black does not seem to have been brought to the notice of the referee who decided Kelsey v. Rourke.
On a re-trial of Glacius v. Black, personal judgment was recovered against the defendants, no lien being demanded, and the judgment affirmed on appeal by the supreme court at general term (4 Hun, 91).
The referee in Kelsey v. Rourke clearly mistook the effect of the decision in Benton v. Wickwire, 54 N. Y. 228. This case arose under a lien act (sec. 20, chap. 402, *341 Laws 1854), which provided that if judgment was recovered within a year it should be a lien, and on appeal the commissioners held that the judgment not having been recovered within the year, the lien was discharged ; that is all that was decided. Commissioner Reynolds, it is true, did say, “It is claimed, however, that if the proceedings to enforce the lien failed a personal judgment should have been ordered against the defendant. I am unable to see how that could have been properly done. • No such question appears tó have been made at the trial, and it is not now before us.” This expression of opinion, however, on a question not before the court, is not to be regarded as authority.
In Moran v. Chase, 52 N. Y. 346, nothing more was decided than that the personal judgment entered against the owner was not warranted by the report of the referee. Judge Rapallo adding “that it did not seem to be warranted by the statute.” The doubt was suggested to the learned judge, probably, by the fact that the language of the section, in terms, refers only to a personal judgment against the contractor or sub-contractor.
• But in Hallahan v. Herbert, 57 N. Y. 417, the commission of appeals having before it the precise question as to which a doubt was suggested by Judge Rapadlo, held that when the owner was also the contractor, a personal judgment might be had against him; the court observing that the object, as well as the clear intent of the section, was to save the necessity of two actions,—one for the enforcement of the lien against the land of the owner, and another for the recovery of the debt from the party personally liable for it.
Hallahan v. Herbert arose under the New York lien act of 1851, as amended by Laws of 1855, chap. 404,—section 5 of which is in the same words as section 13 of the act now under review.
I have thus examined all the leading cases on which *342 the appellants rely. It will be found that they do not sustain their position, or when they do, their authority has been expressly overruled.
Grlacius v. Black is still undisputed authority upon the question of personal liability when even the right to the lien has failed.
The judgment appealed from should be affirmed, with costs.
All the other judges concurred.