HENRY A. WHITE, RESPONDENT, *v.* CATHARINE WOOD, APPELLANT, IMPLEADED WITH ABRAM WOOD.

*Confession of judgment—by married women, only permitted in the cases mentioned in section 1273 of the Code of Civil Procedure—chapter 381 of 1884, enlarging the powers of married women, did not repeal section 1273—a judgment is not a contract within the meaning of the act of 1884.*

On June 6, 1885, the appellant, a married woman, and her husband, signed a statement of confession of judgment in the plaintiff's favor for $273.48, upon which a judgment was entered on June 11, 1885. Upon an appeal from an order denying a motion made by the appellant, on March 3, 1886, to set aside such judgment as against her, on the ground that the debt for which it was confessed was neither her debt nor for the benefit of her separate estate (which facts were not disputed);

*Held,* that the application should have been granted; that the amendment made to section 1273 of the Code of Civil Procedure in 1877, providing that '' a married woman may confess such a judgment, if the debt was contracted for the benefit of her separate estate or in the course of any trade or other business carried on by her on her sole and separate account," showed that it was the legislative intent that a married woman should be permitted to confess a judgment only for a debt contracted for the benefit of her separate estate or in the course of her separate trade or business.

That section 1273 was not repealed by chapter 381 of 1884, enlarging the powers of married women.

That a judgment is not a contract within the spirit and meaning of the statute of 1884.

*Wyman* v. *Mitchell* (1 Cow., 316); *McCoun* v. *New York Central and Hudson River Railroad Company* (50 N. Y., 176); *Remington Paper Company* v. *O'Dougherty* (32 Hun, 255) followed.

That, as the statute of 1884 changed the common law, it must be strictly construed, and the common law must be held no further abrogated than the clear import of the language used in the statute absolutely required.

APPEAL from an order of the Jefferson Special Term, entered in Oswego county, denying the motion of Catharine Wood, a married

woman, to set aside a judgment entered on confession jointly against her and her husband, Abram Wood, on a note given by Abram Wood for $267.

*Elon R. Brown,* for the appellant.

*J. W. Shea,* for the respondent.

MARTIN, J.:

On the 6th day of June, 1885, the appellant, a married woman, and her husband, Abram Wood, signed a statement of confession of judgment in the respondent's favor for $273.48. A judgment was perfected and entered thereon in Oswego county June 11, 1885.

March 23, 1886, the appellant moved to set such judgment aside, as against her, on the grounds: (1.) That the debt for which it was confessed was neither her debt nor for the benefit of her separate estate. (2.) That the statement of confession did not comply with subdivision 2, section 1274 of the Code of Civil Procedure. (3.) That the statement was unverified. This motion was based on the judgment-roll and the appellant's affidavit. The appellant's affidavit was to the effect that the debt for which such judgment was confessed was not a debt for which she was liable, but was the debt of her husband. This was not disputed. The appellant's motion was denied. From the order denying such motion this appeal was taken.

The first and most important question is, whether a married woman can legally confess a judgment to secure the debt of her husband. At common law a judgment entered upon the confession of a married woman was undoubtedly voidable if not void. (*Watkins* v. *Abrahams,* 24 N. Y., 72; *Roraback* v. *Stebbins,* 3 Keyes, 62.) In 1868, after the passage of the enabling acts of 1849 and 1860, and the amendments thereto of 1862, it was held in the case of the *First National Bank of Canandaigua* v. *Garlinghouse* (53 Barb., 615), that a married woman might confess a judgment to secure a debt contracted by her and for her use and benefit in carrying on her separate business. In 1876, by section 1273 of the Code of Civil Procedure, it was provided " a married woman may confess such a judgment as if she were single." This section was, however, amended in 1877 so as to provide as follows : "A married

woman may confess such a judgment if the debt was contracted for the benefit of her separate estate, or in the course of any trade or other business carried on by her on her sole and separate account." This change in the statute shows quite conclusively that it was the legislative intent that a married woman should be permitted to confess a judgment only for a debt contracted for the benefit of her separate estate, or in the course of her separate trade or business. There has been no amendment or express repeal of this provision. If it has been repealed, it was repealed by implication only. If unrepealed, then it is quite obvious that under the provisions of this section a married woman cannot confess a judgment for a debt not contracted for the benefit of her separate estate, or in the course of her separate trade or business.

But it is contended by the respondent that chapter 381 of the Laws of 1884 has so far enlarged the powers of married women that they may now confess judgments for the debts of others, as well as for a debt contracted for the benefit of their separate estate, or in their separate trade or business. By that statute it is declared :

" Section 1. A married woman may contract to the same extent, with like effect and in the same form as if unmarried, and she and her separate estate shall be liable thereon whether such contract relates to her separate business or estate, or otherwise ; and in no case shall a charge upon her separate estate be necessary.

" Section 2. This act shall not affect or apply to any contract that shall be made between husband and wife."

The respondent bases his claim, as to the validity of the order appealed from, upon the theory that a married woman now possesses unlimited power to make any contract she may see fit, except to contract with her husband, and hence that she may confess a judgment for her husband's debt to a third person. To justify this claim it must be held that the statute of 1884 has, by implication, repealed the provision of section 1273 relating to the confession of judgments by married women, and that a confession of judgment is a contract within the spirit and meaning of that statute.

First, then, has the statute of 1884 worked a repeal of the portion of section 1273 under consideration? We think not. Repeals by implication are not favored in the law. It is only in cases where the statute last passed is repugnant to or inconsistent with the

existing statute, so that the two cannot be harmonized, or when the whole construction of the subsequent act shows that it was clearly intended to supersede the former statute, that a repeal by implication arises. (*Matter of Curser*, 89 N. Y., 401; *People ex rel. Woods* v. *Crissey*, 91 id., 616; *Mark* v. *The State*, 97 id., 578.) We think there was no such inconsistency between these statutes as to work a repeal of section 1273, nor does the language of the statute of 1884 show that it was intended to supersede section 1273 so as to effect such repeal. Nor do we think that a judgment is a contract within the spirit and meaning of the statute of 1884. While it must be admitted that, in a general sense, a judgment may be said to be a contract, as in the division of actions *ex contractu* and *ex delicto*, still the courts have been inclined to construe language similar to that employed in this statute to include only such contracts as are actually made by the parties, and not to extend it to judgments or statutory duties.

In *Wyman* v. *Mitchell* (1 Cow., 316) it was said : "A judgment is in no sense a contract or agreement between the parties." In *McCoun* v. *New York Central and Hudson River Railroad Company* (50 N. Y., 176), in construing the words "action on contract," in section 129 of the Code of Procedure, it was held that the word contract related to an agreement between the parties either express or implied, and did not apply to a statutory penalty, although the law might imply a contract in such a case, and in that case it was said : "Even a judgment founded upon a contract is no contract." In *Remington Paper Company* v. *O'Dougherty* (32 Hun, 255) it was held that an action brought under section 3247 of the Code of Civil Procedure to recover the costs of a former action prosecuted by the defendant in the name of another was not an action on contract within the meaning of section 635 of the Code of Civil Procedure, providing for the cases in which an attachment may issue, and the doctrine of the foregoing cases to the effect that a judgment is not a contract was there again repeated. The *O'Brien Case* (95 N. Y., 428) involved the construction of chapter 538, Laws 1879, reducing the rate of interest. That statute provided that nothing therein contained should be so construed as to in any way affect any "contract or obligation" made before the passage of that act. In that case a judgment was perfected in 1877, an

execution was issued in 1883 with instructions to the sheriff to collect the amount thereof, with interest at seven per cent, from the entry of judgment. An order was applied for to restrain the sheriff from collecting interest at a greater rate than six per cent after January 1, 1880, when the statute took effect. It was denied. (See opinion of DANFORTH, J., 436.) In that case it was held that the exception in that act should be so construed as to apply only to a "contract or obligation" resting upon the mutual agreement of the parties, and that a judgment was not such a contract. EARL, J., in delivering an opinion in that case, quotes the language of Lord MANSFIELD in *Bidleson* v. *Whythel* (3 Burr., 1545, 1548), "that a judgment is no contract, nor can be considered in the light of a contract," and cites, in addition to the cases already cited: *Rae* v. *Hulburt* (17 Ill., 572); *Todd* v. *Crumb* (5 McLean, 172); *Smith* v. *Harrison* (33 Ala., 706); *Masterson* v. *Gibson* (56 id., 56); *Keith* v. *Estill* (9 Port., 669); *Larrabee* v. *Baldwin* (35 Cal., 156); *In re Kennedy* (2 S. C. [N. S.] 226); *State of Louisiana* v. *City of New Orleans* (109 U. S. Sup. Ct., 285), as holding the same doctrine. (See, also, *Salter* v. *Utica and Black River Railroad Company*, 86 N. Y., 401). Moreover, the statute of 1884 was in derogation of the common law. The rule seems to be well established that statutes changing the common law must be strictly construed, and that the common law must be held no further abrogated than the clear import of the language used in the statute absolutely requires. (*Bertles* v. *Nunan*, 92 N. Y., 152; *Fitzgerald* v. *Quann*, 33 Hun, 652; affirmed in Ct. of App., June 5, 1888; 109 N. Y., 441.)

It seems to us that these authorities go very far towards upholding the doctrine that a judgment is not a contract within the intent and meaning of the statute of 1884, and that they are quite adverse to the respondent's contention that the provision of that statute which permits a married woman to contract, to the same extent and in the same form as if unmarried, authorizes a confession of judgment by her for a debt not contracted for the benefit of her separate estate or business. We are of the opinion that section 1273 was not repealed by the Laws of 1884, that a judgment is not a contract within the intent and meaning of that statute; and hence that the confession of judgment by the appellant was unauthorized, The

appellant's right to make this motion seems to be sustained by the cases of *Watkins* v. *Abrahams* and *Roraback* v. *Stebbins* (*supra*).

These considerations lead to the conclusion that the learned judge at Special Term erred in denying the appellant's motion. This conclusion renders it unnecessary to examine the other questions raised on this appeal.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, without costs to either party.

HARDIN, P. J., and FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs to either party.