The Court

gave the following opinion :
1. The state, by common law, is entitled to a preference of ail debts unless on record, from Mathew Ridley.
2. All debts due from M. Ridley to private persons before the 11th of March, 1786, are to be paid by the administratrix according to the act of 1715, c. 39.
3. All debts contracted by M. Ridley with private persons since the 11th of March, 1786, are to be paid to all creditors, whether foreigners or citizens of this or any of the United States, without any preference as to the nature of their debt, except by judgment obtained against Mathew Ridley in his lifetime.
4. That all bonds, whether to citizens or foreigners, before the 11th of March, 1786, are to be preferred in payment by the administratrix, to bonds executed since the 11th of March, 1786.
At October term, 1793, the following form was adopted by the court, to wit:
And for that the said C. by her pleas aforesaid, doth not deny but that the writing obligatory aforesaid mentioned in the declaration of the said Murray and Sansom, is. the deed of the said Mathew Ridley, nor but that the *176 debt aforesaid in the said writing contained, is a just debt, yet unpaid and not satisfied or discharged; and hath said nothing in bar or preclusion of the action aforesaid of the said M. ÍS? S., but the matter aforesaid by her the said C. above pleaded and stated in the case aforesaid filed between the parties in this cause, and that she hath no goods or chattels which belonged to the said M. at the time of his death, come to her hands, except goods and chattels to the value of the sum of 1,587/. 19i. 4d. current money, to be administered, and which are bound, liable to, and charged, in the first place, with the payment of the said debt due to the state of Maryland, and to the said debt due to the said William Vanderstegen from the said M. in the pleas and case aforesaid mentioned: and the court here being of opinion on the said pleas and case stated, that the said C. ought in the first place to pay and satisfy, out of the assets in her hands, or that shall hereafter come to her hands to be administered, of the estate of the said M. R. the debt due aforesaid to the said state of Maryland, and in the next place the debt due as aforesaid to the said William Vanderstegen; and out of the residue of the assets of the said M. R, that shall come to her hands, after satisfaction of the said debts to the said state and W. V. the said C. ought to pay the said M. is? S. the plaintiffs, and all other the creditors of the said M. R. mentioned in her pleas aforesaid, without preference to any, their respective debts aforesaid, if so much of the assets of the said M. R. shall come to her hands to be administered ; and if so much of the assets of the said M. R. shall not come to her hands to be administered, as will pay and satisfy all the creditors of the said M. R. mentioned in the pleas aforesaid, then the said C. ought to pay out of the said assets, to each of the said creditors, an equal proportion or dividend thereof according to the amount of their said respective claims : and because it appears to the court here, that the said C. hath no assets in her hands of the *177 estate of the said M. 2?. to satisfy the said M. S., the plaintiffs, their debt aforesaid, or any part thereof. Therefore it is considered by the court here, that the said M. S. do recover against the said C. the said sum of 2,000/. current money, their debt aforesaid, so as aforesaid confessed, of the goods and chattels which belonged to the said M. 2?. at the time of his death, which shall hereafter come to the hands of the said C. to be administered, (after payment and satisfaction of the said debt? due from the said M. 2?. to the state of Maryland, and to the said William Vanderstegen,) to be released on the payment of , to be levied of the said goods and chattels, if so much shall come to the hands of the said C., as will pay the said sum of ," and all" other the creditors of the said M. 2?. mentioned in the pleas aforesaid : but if so much of the goods and chattels of the said M. 2?. shall not come to her hands to be administered, then to be levied such equal proportion of the said assets as the said sum of shall bear to the whole amount of the debts due from the said M. R. mentioned in the said pleas, contracted since the passing of the said act of assembly, pleaded by the said C.; and the said C, in mercy, &c. Vide 2 Harr. Ent. 91.