DWIGHT SPENCER, Respondent, v. SARAH BARNETT and
SYMMES GARDNER, Appellants.

To entitle a party furnishing material for constructing a building in Kings
county to a lien on the premises for the price of the material furnished, he
must file his notice of lien in the clerk's office of that county within sixty
days after the delivery of the same.

*John E. Parsons*, for the appellants.

*George G. Reynolds*, for the respondent.

LEONARD, J. This action was brought in the City Court
of Brooklyn to establish a personal liability against Mrs.
Barnett, and to foreclose a lien for building materials fur-
nished by the plaintiff for the construction of a building on
premises belonging to her, situated in Brooklyn, in which it
is alleged that the defendant Gardner has some interest. The
notice of lien was filed in the office of the clerk of Kings
county, under a lien law for that county, passed in 1853.
.(Sess. L. of 1853, ch. 335.)

The materials were furnished under an agreement with
John Barnett, whereby the plaintiff was to deliver them at
agreed prices until navigation closed, and after that at the
market rates. Mrs. Barnett was not known as the owner of
the premises, or as the principal in making the purchases,
until after all the articles had been delivered.

A jury was impanneled at the trial, to whom was submit-
ted only the question of the agency of John Barnett for the
defendant, Sarah Barnett, and the value of the materials;
the other questions in the case, more particularly pertaining
to the enforcement of the lien, were tried by the court, with-
out a jury, and the facts found by the jury as aforesaid were
adopted by the judge, and incorporated into his conclusions
of fact in writing. No objection was made to the manner of
the trial, partly by a jury and partly by the court, until
after the judgment. An objection was raised by the defend-
ants in this court to the regularity of the proceedings at the

trial in this respect, but no exception or order relating to it has been brought under review, and the subject may be, therefore, dismissed.

A motion to dismiss the complaint, at the conclusion of the plaintiff's evidence, was made and denied, to which ruling the defendant excepted. Further evidence was afterwards given by both parties, and the facts and conclusions of law were afterwards found by the judge in writing, embracing nearly all the points raised by the motion to dismiss the complaint, so that it will be necessary to consider only whether the facts and conclusions of law so found are sufficient to sustain the judgment.

The judge found, "that the furnishing of the materials mentioned in the bills of March 12th and 24th, and April 24th, being within sixty days of the time of filing the notice of lien, attached the right to a lien as to the items furnished before that time, all having been furnished under one and the same contract." This finding embraces both the facts and the conclusion of law of the judge upon one of the material questions raised by the defense, and an exception was duly taken. The facts are not very elaborately stated in these findings, but the idea sufficiently appears. Substantially, it is found that the lien is valid for materials delivered more than sixty days before the lien was created by the filing of a notice.

A short reference to the evidence will make the nature of the "finding" more apparent. All of the materials were furnished before the 10th of January, 1857, except a very small amount delivered on the three days mentioned by the judge, in March and April. None were delivered between January 10th and March 12th, a period of sixty days. The notice by which a lien was created was filed in the county clerk's office, May 9th, 1857.

The act of 1853, section 4, provides that "such notice must be filed with the clerk of said county (Kings) before the expiration of thirty days after the completion of the work, or within sixty days after the materials are furnished," &c.

This action relates wholly to materials furnished, and nothing is claimed for work, so that the time fixed for filing the notice to create a lien for these materials is not exceeding sixty days from the date of furnishing them. The act is to provide a security for materials furnished and labor performed, not to secure the performance or damages for the non-performance of a contract for materials or labor, or the price agreed to be paid for such articles pursuant to a contract. The claim made by the plaintiff in his notice of lien is not for non-payment under a contract for materials, but for the price of materials furnished.

While conceding that this statute gives a remedy, and is to be liberally and beneficially construed, according to the views expressed by the learned justice of the Supreme Court who delivered the opinion on the appeal in this case to that court, it does not follow that a construction can be admitted under that rule which will impose a lien, unless the terms of the statute have been complied with by filing the notice within the prescribed period.

The statute has regard also to the rights of the landowner, and he is authorized by the fourth section to reduce the time for commencing an action, by serving a notice for that purpose on his part, from three months, the limitation named for the laborer or material man who has acquired a lien, to thirty days from the time of filing the notice of lien. The material man is allowed sixty days after he has parted with his property, within which he must act, if he intends to avail himself of the provision of the statute to secure his demand, by imposing an incumbrance on the real estate of his customer, without his concurrence, or the execution of any writing to charge his estate. It is an unusual remedy, not known to the common law, and depends upon a substantial and reasonable compliance with the provisions of the statute to secure its validity. The vendor of materials is not required to wait for the pleasure of his customer. He may file a notice and secure a lien the next day after he has made the delivery, and he need not delay action because he has given a credit to the purchaser. He may not sleep upon

his security; within three months he must prosecute his action to foreclose his lien, or he is deprived of his security by the lapse of time. (§ 4.)

The strictness of these provisions excludes the idea of extending the time for filing the notice of lien beyond the period fixed by the statute, by the aid of the doctrine of relation, or by attaching one item of account to another, so as to bridge over the lapse of time.

If the principle suggested in the finding of the judge can be adopted, there is no difficulty in including items of a year's standing, provided there are recent items with which to connect the older ones, so as to form a continuous or running account. What, then, is to be the period of limitation? It would be resolved into the liberality and discretion of the judge.

The plaintiff was at liberty to have filed his notice on the 10th of January for all materials previously furnished, as well as on the 9th of May following, a period four months later. The law was intended to aid mechanics in obtaining credit, by summary measures open to the creditor, as well as to afford security to the material man for his property.

The apprehension of offending a customer may often operate upon the seller to delay or omit wholly to take the benefit of the provisions of this statute; but the courts cannot so construe the act as to enable him to hold his lien suspended for more than sixty days, and, by furnishing more materials subsequently, revive the right otherwise lost.

The nature of the remedy, and the objects to be attained, satisfactorily show that the time for filing a notice to create a lien cannot be extended by intendment or construction.

The material man must see to it that he has complied with the terms of the law, or lose his remedy under it.

This lien may be held valid within the rule of "beneficial construction," for the items of March and April, although the notice embraces a much larger demand. Neither the evidence nor the facts found by the judge disclose the amount of these items.

The judgment of foreclosure cannot, therefore, be modified

so as to embrace only these items. There is no ground to disturb the judgment in respect to the portion declaring the personal liability of Sarah Barnett.

Judgment should be reversed and a new trial ordered, as to Gardner, with costs to abide the event, and should be affirmed as to Mrs. Barnett, with costs to the respondent.

Judgment accordingly.