## GOODALE v. WALSH, appellant.

*Mechanic's lien — extent of.*

Respondent, under an agreement with the contractor, did work, by the day upon appellant's building, from January 22d to March 5th, and again from April 8th to April 19th. He filed a mechanics' lien, under Laws 1854, chap. 402, for such labor, on May 11th, by which he claimed a lien for wages for the whole time he worked. *Held* (following *Spencer* v. *Barnett*, 35 N. Y. 94), that he was entitled to a lien for only the work done during the thirty days next preceding the time of filing his notice of lien.

APPEAL from a judgment, entered upon the report of a referee, in a proceeding to foreclose a mechanics' lien. The facts appear in the opinion.

*D. O'Brien*, for appellant.

*H. S. Gipson & Levi H. Brown,* for respondent.

MULLIN, P. J. The only question in this case is, whether a mechanic who performs labor in erecting a building, can obtain a lien, under chap. 402, Laws of 1854, for such labor, for a longer period than thirty days, when there is an interval of several days between the times of performing the labor.

The plaintiff was employed by the day, and began work on the building, in course of erection for the defendant, under an agreement with one Tomplin, the contractor for doing the work on the building, on the 22d of January, 1872, and continued his work until the 5th of March following, having worked in the mean time thirty-four days. He then ceased work. He began again on the 8th of April, and continued until the 19th of that month, having worked in the mean time ten and a half days. His notice of lien was filed on the 11th of May, 1872, in and by which he claimed a lien for his wages for forty-four and a half days.

The referee held that the plaintiff was entitled to a lien for the whole time, and ordered judgment for his wages for such time, with costs, and from that judgment the defendant appeals.

In *Spencer* v. *Barnett*, 35 N. Y. 94, the court of appeals held that to entitle a party furnishing material for constructing a building in Kings county, to a lien on the premises for the price of the material furnished, he must file his notice of lien in the clerk's office of that county, within sixty days after the delivery of the same.

The lien law in force when the question arose in the case cited is substantially like the act of 1854, in so far as the time is limited within which the notice of lien must be filed after performing the work on furnishing the materials, and the same rules of construction must apply to each. The reasons which induced the legislature to limit the time for filing the notice to thirty or sixty days must have been the same under the general law as under the Kings county law.

The head note of *Spencer* v. *Barnett*, which I have copied above,

is a mere repetition of the provision of the statute in force in Kings. We must look into the facts in that case, in order to ascertain what was actually decided.

The claim in that case was for a lien for materials, which the act required to be filed in sixty days after delivery.

All the materials were furnished before the 10th of January, 1857, except a very small amount delivered on three days in March and April; none were delivered between January 10th and March 12th, a period of sixty days. The notice of lien was filed the 9th of May, 1857.

The judge by whom the case was tried allowed the lien for the materials furnished, as well for those furnished before the 10th of January as after that date.

The court of appeals reversed the judgment, holding that the plaintiff was not entitled to lien for materials furnished beyond sixty days from the 9th of May, 1857.

In that case the materials were all furnished under one and the same contract, but that consideration does not seem to have induced the court to change or modify its construction of the statute. In the case before us, the plaintiff was employed by the day, and from day to day, and has not the benefit of a single contract under which the labor was performed, if that consideration would affect the construction of the statute. It is impossible to draw any distinction between the case cited and the one in hand, we must follow it and reverse the judgment.

By section sixteen of the act of 1854, the plaintiff was entitled to costs. By the fifteenth section the plaintiff is entitled to costs to be paid out of the fund in the hands of the owner when he has funds belonging to the contractor. By the sixteenth section the successful party is entitled to costs, in the same cases as in actions on contract.

There is some reason for giving the laborer or person furnishing materials costs out of the funds of the contractor when the owner has funds in hand belonging to him, but I am unable to see the justice of charging the owner with costs, when no money is due, but will be due when the contract is completed.

The provision of the act of 1873, leaving the costs in the discretion of the court, is entirely just.

I am unable to understand why the party performing labor or furnishing materials is not entitled to a lien upon the money to be

paid for extra work, if the extra work is provided for by a contract between the parties. Yet it has been so held in several cases in the New York common pleas. In these cases, it is probable the extra work was not done pursuant to any contract.

In *Haswell* v. *Goodchild*, 12 Wend. 373, the supreme court would seem to hold that the plaintiff was entitled to a lien on money payable for extra work. I have been unable to find any case in the court of appeals upon the subject.

The lien was filed the 11th of May; the plaintiff is, therefore, entitled to recover for labor after the 11th of April. As ten and a half days' labor was performed between the 8th and 19th of April, plaintiff can only be allowed for seven and a half days.

The judgment must be modified by reducing it to $18.32, that being the amount of seven and a half days' labor, at $2.25 per day, and interest on that sum to the date of the report.

*The judgment, as modified, affirmed.*