ALFRED TILEY, RESPONDENT, *v.* THE THOUSAND ISLAND HOTEL COMPANY, IMPLEADED, ETC., APPELLANT.

*Mechanic's lien — sale of property during performance of contract — liability of purchaser — Notice of lien, under chap. 489 of 1873.*

In March, 1873, the plaintiff entered into a contract with the owners of a hotel to furnish and put therein all the gas and water pipes and all wash-bowls, etc., that might be needed, and in pursuance thereof he commenced to furnish materials and perform work in March, and continued so to do until the contract was fully performed on his part on July nineteenth. On the first of May the property was conveyed to the defendant. On the seventh of August the plaintiff filed a mechanic's lien against the defendant. *Held*, that he was not entitled to a lien for so much of the materials and labor as were furnished and performed before the title was acquired by the defendant.

*Held*, further, that the lien only extended to such materials as were furnished and to such labor as was performed within the sixty days, immediately preceding the filing of the notice of lien.

*Spencer* v. *Barnett* (35 N. Y., 94) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*O'Brien & Emerson*, for the appellant.

*F. W. Hubbard*, for the respondent.

MULLIN, P. J.:

In the winter of 1873, Staples & Nott erected on land owned by them in the village of Alexandria Bay, in the county of Jefferson,

a hotel known as the Thousand Island House, and on the thirteenth of March of that year, they entered into a contract, in writing, with the plaintiff to furnish and put into the building, gas and water pipes, wash-bowls, and marble, that might be required therein, to be paid for by them in notes of said S. & N., one at two, and one at four, and one at six months.

Plaintiff commenced to furnish material and to do the work contracted for in March, 1873, and the contract was fully performed on the nineteenth of July, following.

On the twenty-eighth of April, of the same year, Staples & Nott, and their wives, proceeded to incorporate a corporation called the Thousand Island Hotel Company, and on the first of May conveyed to it, in fee, the land on which said hotel was erected. On the 7th August, 1873, the plaintiff filed in the office of the clerk of Jefferson county, a mechanic's lien, pursuant to the statutes relative thereto, specifying the amount of his claim, and that it was made against the Thousand Island Hotel Company.

The amount for which plaintiff claimed a lien, was $3,577.08, with interest from seventh August. S. & N., after the plaintiff had completed his contract, offered to give plaintiff their notes for the amount due, but he refused to receive them, and they were not executed.

The plaintiff, in March, 1874, brought his action to foreclose said lien ; S. & N., and the corporation defended.

The issues were referred, and a referee, after hearing the parties, found the facts above stated, and ordered judgment in favor of the plaintiff, and that said lien be foreclosed and the property sold, and from the proceeds the plaintiff be paid the sum of $3,863.93, being the amount of their claim, and interest, together with the costs of the action. At the close of plaintiff's evidence, the defendant moved for a nonsuit on the following grounds:

1. That the evidence was insufficient to authorize recovery under the pleadings.

2. There was no proof that the work and material, or any part thereof, was furnished by the direction of the Thousand Island Hotel Company, or by virtue of any contract with said company.

3. The evidence did not show a valid lien in favor of the plaintiff, against the property described in the notice.

4. The evidence showed the claim of plaintiff was fully paid, satisfied and discharged.

5. That as plaintiff refused to accept the notes tendered to him, he is not entitled to any judgment or relief in this action.

The motion was denied and defendant's counsel excepted.

The defendant's counsel requested the referee to rule and decide as follows, viz.:

1. That filing plaintiff's notice did not create any lien except for such work as was done and materials as were furnished, within sixty days immediately preceding the filing thereof.

2. That the notice was not a lien for any of the items in plaintiff's bill that accrued prior to April 28, 1873, the date of the incorporation of the hotel company.

3. That there was not a lien for any of the items of the bill that accrued subsequent to May 1, 1873, the date of the deed to said company.

4. The evidence did not show any indebtedness from the corporation to S. & N., on account of the erection of the building, and there could not for that reason be a recovery.

5. That plaintiff's work and furnishing of materials were not continuous from commencement till the termination of the same.

6. That if plaintiff had accepted the notes under the written agreement, they would have operated as payment of plaintiff's claim as far as the corporation is concerned.

7. That the tender of said notes operated as payment so far as the corporation is concerned.

8. That the tender of the notes operated to release any lien plaintiff had against the corporation.

9. That filing notice did not create any lien upon the property as against the corporation.

The referee refused to find or decide as requested, and defendant's counsel excepted.

Section 1 of chapter 489 of the Laws of 1873, provides that, any person who shall hereafter perform any labor in erecting, altering or repairing any house, building, or the appurtenances to any house or building, or who shall furnish any materials therefor, with the consent of the owner, shall, on filing with the county clerk of the county in which the property is situated, the notice pre-

scribed by the fourth section of said act, have a lien for the value of such labor or materials upon such house, etc., and upon the lot, etc., to the extent of the interests of such owner.

By the fourth section, a notice must be filed in the county clerk's office within sixty days after the performance and completion of such labor, or the furnishing of such material. The notice filed by the plaintiff in the county clerk's office was a substantial compliance with the fourth section, and a lien was thereby created on the hotel property, from the date of the filing. But the hotel company did not become liable for work done or materials furnished before it became owner of the property. Until it acquired title it was not owner of the building, and could not be deemed to consent to doing the work or furnishing materials by the plaintiff.

The referee has, by his report, charged the company with the work done and materials furnished from the beginning of the work.

I understood the appellant's counsel to claim in his points that a lien cannot be held to have been created against the hotel company, because the contract with plaintiff for doing the work, etc., was made by Staples & Nott, and not by the company, and cites in support of the proposition, the case of *De Ronde* v. *Olmsted* (47 How., 175) and *Muldoon* v. *Pitts* (54 N. Y., 269).

These cases have no application to cases arising under the general mechanic's lien law. (Chap. 489 of Laws of 1873.)

By the mechanic's lien law in force in the city of New York (chap. 500 of the Laws of 1863), in order to obtain a lien on property by a mechanic for work, or by one furnishing materials, it must appear that the owner of the property on which a lien is sought contracted for the labor and materials.

There is no such provision in the general law. It is only necessary that the owner should consent that the work be done or materials be furnished, in order to entitle the party to a lien.

It is not necessary to inquire what the rights of S. & N. were under the contract between them and plaintiff. After the sale to the hotel company, the latter was not a party to that contract and acquired no right under it, unless it might refer to it to fix the amount for which plaintiff was entitled to a lien.

The case does not show but that the hotel company purchased the property as it was at the date of its deed, and was itself to com-

plete the plumbing. If so it had nothing to do with the notes that S. & N. were to give, nor with the term of credit that those notes provided for.

After the conveyance to the hotel company, the work was done and materials furnished on the credit of the hotel company or in contemplation of acquiring a lien on the house, etc., for the price of the work.

Practically, the sale to the hotel company terminated the contract between plaintiff and S. & N., although the plaintiff would have a remedy against them, if they were pecuniarily responsible.

The lien, as against the owner, is not impaired by taking security from some other party, unless it is expressly agreed that the security shall operate as payment.

The notes of S. & N., if given and received, would not have discharged the lien in whole or in part against the hotel company.

It is true the contract between S. & N., and the plaintiff provides that they (S. & N.) agreed to pay for such work as follows: give their notes, payable at bank in two, four and six months after completion of said work. This is not an express agreement to take the notes in satisfaction of the debt. The word " pay," as used in the contract, meant that the notes should be taken in liquidation rather than in satisfaction.

It is urged by the appellant's counsel, that the referee should have limited the lien of the plaintiff on the property to the value of the work done and of materials furnished within sixty days, next preceding the filing of plaintiff's notice in the county clerk's office.

In *Spencer* v. *Barnett* (35 N. Y., 94), this question was before the Court of Appeals. The case arose under the lien law in force in the county of Kings. That statute (chap. 335 of the Laws of 1853) required a notice of the lien to be filed before the expiration of sixty days after materials were furnished, and before the expiration of thirty days after the completion of the work.

The materials, says the judge who delivered the opinion of the court, were furnished under an agreement whereby the plaintiff was to deliver them at agreed prices until navigation closed, and after that at market rates. All the materials were delivered before the 10th of January, 1857, except three items delivered in March and April.

None were delivered between January tenth and March twelfth. The notice was filed May 9, 1857.

The City Court of Brooklyn, in which the action to enforce the lien was brought, held that the plaintiff was entitled to a lien for all the materials delivered by him under the contract.

The Court of Appeals reversed the judgment holding that plaintiff could only recover for the property delivered within sixty days before the notice of the lien was filed.

Whether this decision is right or wrong we must obey it. If a continuous delivery would enable the plaintiff to recover for property delivered within sixty days before the filing of the notice, this judgment ought not to have been reversed. The contract contemplated a delivery from time to time during navigation and after it closed, and the delivery was in accordance with such intention.

We think the case is directly in point, and is decisive of the question. The referee erred in allowing plaintiff for work done or materials furnished more than sixty days before the notice of lien was filed.

As this view of the case leads to a reversal of the judgment, it is unnecessary to consider the question raised by the appellant's counsel in regard to the rulings on the trial and the refusal to find as requested.

Judgment reversed and a new trial ordered before another referee, costs to abide event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial ordered before another referee, costs to abide event.