WILLARD E. CHASE, RESPONDENT, *v.* EDWARD D. JAMES, APPELLANT.

*Lien law — chap.* 489 *of* 1873 — *what a basis for a lien under — within what time notice must be filed.*

An entire contract for digging a cellar, erecting foundations, walls and piers and moving buildings upon such foundations and piers, and for materials furnished therefor, constitutes a basis for a lien under chapter 489 of 1873.

Under the fourth section of said act the notice is not required to be filed until sixty days after the performance and *completion* of the labor or *final* furnishing of the materials.*

*Goodale* v. *Walsh* (2 N. Y. S. C. [T. & C.], 311); *Spencer* v. *Burnett* (35 N. Y., 94) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This proceeding was instituted under the mechanic's lien law, chapter 489 of the Laws of 1873. In the notice the plaintiff alleged that in the summer of 1873, he entered into an agreement with the defendant, to remove a house, barn and other buildings belonging to the defendant, and to build foundations under them, for which the defendant agreed to pay him a sum therein specified, but which sum he has failed to pay, although the work has been performed as agreed.

* See *Tiley* v. *The Thousand Islands Hotel Company* (9 Hun, 424). — [REP.

The defendant, by his answer, among other things, denied that the plaintiff had performed his contract, specifying particularly the provisions of the contract which the plaintiff had failed to perform.

The cause was tried before a referee. The referee found that the work was completed on the fifth of January; that the notice of the lien was filed within sixty days after that date, and gave judgment against the defendant for the full amount of the plaintiff's claim.

*E. H. Benn*, for the appellant.

*Jno. C. Hulbert*, for the respondent.

BOARDMAN, J.:

In this action, by which a mechanic's lien is foreclosed, the defendant alleges the following grounds of error:

First. That the removal of buildings is not an erection, alteration or repair for which the statute gives a lien.

Second. That no items can be secured by lien, except those for work done or material furnished within sixty days prior to the filing of the notice of lien.

Third. That there is no evidence in this case of any specific work done or materials furnished, within sixty days, prior to the filing of the notice.

Fourth. That there is no evidence of the completion of the work under the contract, in a manner to entitle the plaintiff to recover pay therefor.

I will consider these questions in their order: In *Hubbell* v. *Schreyer* (15 Abb. [N. S.], 300), the Court of Appeals have held that the mechanic's lien law is to be treated as a remedial statute, and not to be so strictly construed as to deprive creditors of the benefit intended to be conferred. Following that authority, I concur with the referee in holding that an entire contract for digging a cellar, erecting foundations, walls and piers, and moving buildings upon such foundations and piers, and the materials furnished therefor, constitutes a basis for a lien under the Law of 1873 (chap. 489, § 1). Labor in erecting, altering or repairing any house, building, or the appurtenances to any house or building, or materials furnished therefor, within the fair intent and meaning of the legis-

lature, include such work as was done by the plaintiff in this case.

The second point is untenable. The fourth section of the act of 1873 provides for the filing of the notice within sixty days after the performance and completion of the labor or final furnishing of the materials, in order to create a lien for the amount of the claim for such work or materials. The view contended for by the defendant and sustained by the cases of *Goodale* v. *Walsh* (2 T. & C., 311) and *Spencer* v. *Barnett* (35 N. Y., 94) arose under statutes requiring the notice to be filed within sixty or thirty days after the materials were delivered or work done. Hence, in those cases, no work or materials were protected and secured by the notice, except such as were done or furnished within the sixty or thirty days before the filing of the notice.

The evidence sustains the referee's finding that the last work was done on the 5th of January, 1874. It is true that the plaintiff, according to the evidence in the case, at one place says the work was finished December 5, 1873; at a later day, he denies having so stated, and fixes the date January 5, 1874. Evidently, the work was not completed December fifth, because it abundantly appears that the piers for the house were built December 20, 1873, and other evidence shows that the corn crib was moved after that date. I do not think it was necessary for the plaintiff to have been more specific as to the nature and kind of work done in January, 1874.

The fourth ground of error substantially asserts that the allowance of plaintiff's claim is against the weight of evidence; that the plaintiff did not, by a preponderance of evidence, establish his right to recover any thing of defendant, and that, by his substantial failure to perform his contract, he ought not to recover. I have carefully read the evidence; in many respects it is conflicting. The referee has passed upon such conflicting evidence and found in favor of the plaintiff. There is abundance of evidence to sustain such conclusion. Nor is there such preponderance of evidence in favor of the defendant's position, as would lead to the supposition that the referee was laboring under any mistake or passion or partiality. To reverse a judgment upon this ground, the wrong must be clear; the power is not to be exercised in doubtful or uncertain cases. It is not sufficient that the members of this court might think, from

the mere reading of the evidence, that they would have found differently. The referee sees the witnesses and hears their evidence. Many things are seen and heard on the trial that greatly and properly affect the decision of the case on the facts, which cannot be put upon paper and returned to this court. The case must, therefore, be a very bald one which will justify our interference upon a controverted question of fact.

For the reasons stated, the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ

Judgment affirmed, with costs.