# N. Y. COMMON PLEAS.

## GATES agt. BUDDENSIECK and BELLMANN.

*Mechanic's lien — within what time a lien must be filed — Answer — Demurrer.*

A lien, by one who furnishes materials toward the erection, alteration or repair of a building in the city of New York, *must* be filed within *thirty days after the materials are furnished or supplied.*

*Special Term, October,* 1878.

DEMURRER to answer.

J. F. DALY, *J.* — The action was brought to foreclose a mechanic's lien in the city of New York, and the question now to be determined is within what time a lien must be filed by one who furnishes materials towards the erection, alteration or repair of a building in this city; whether it must be filed within thirty days after the materials are furnished, or whether it may be filed within thirty days after the completion of the building, improvement, structure, repairs or alterations in which the materials were used.

The plaintiff furnished materials between the 12th of October, and the 8th of November, 1877, to one Buddensieck, who used them in the erection of buildings, under a contract with one Bellmann, the owner. Plaintiff did not file his lien notice until March 18, 1878, one hundred and thirty days after the materials were furnished, but before the expiration of thirty days after the buildings were completed under Buddensieck's contract. The owner sets up as a defense that the lien was not filed within thirty days after the materials were furnished. Plaintiff demurs to this defense.

The act of 1875 (*chap.* 379) prescribes the time within

which lien notices must be filed. In section 5 it is enacted that every original contractor within sixty days after the completion of his contract, and every person, save the original contractor, claiming the benefit of this act, must, *within thirty days after* the completion of any building, improvement or structure, or after the completion of · the alteration, or repair thereof, or after the completion of the work, *or the furnishing of the materials,* for which the lien is claimed, file with the county clerk, &c.

The language used does not leave the question free from doubt, but I deem the proper construction to require the lien of a person furnishing materials to be filed within thirty days after the materials are supplied.

Special reference to, and provision for, the claims of persons furnishing materials is made in the section, indicating the intention to enact particularly in that clause upon the subject of their claims. The limitation of thirty days after the furnishing of the materials, is special as is the limitation as to other claims. The section provides for liens under eight different species of claims.

I. By the original contractor who has sixty days after the completion of his contract to file his notice.

II. By one claiming a lien for the completion of a building.

III. By one claiming a lien for the completion of an improvement.

IV. One claiming for the completion of a structure.

V. One claiming for the completion of alterations.

VI. One claiming for the completion of repairs.

VII. One claiming for work completed by him (evidently intended to cover the claims of an individual mechanic or laborer who has not been paid for his work).

VIII. One claiming for materials furnished by him, *and* in each of the last seven cases, the lien must be filed within thirty days after the completion of the building, improvement, structure, alteration, repair, work, or the furnishing of the materials, as the case may be.

To give the section the construction claimed by plaintiff, it would be necessary to hold that the legislature fixed *two* imperative limitations, *one within the other*, for the filing of liens by subcontractors, *i. e.*, that the person furnishing materials must, within thirty days after the materials are furnished, *or* must, within thirty days after the completion of the building, improvement, structure, alteration, repair, or work in the course of which the materials were used, file his notice. The latter being the greater limitation includes, of course, the former and renders the former unnecessary; but we may not conclude that the legislature made an unnecessary, inconsistent or idle provision, if any construction shows the provision to be reasonable and proper.

That the limitation contended for by defendants is reasonable and proper, one illustration will clearly show : Suppose one furnishes stone to the original contractor for the construction of the foundation of a building, which building is not to be, or cannot be, completed for years. Has the claimant, who furnished the foundation stone, until thirty days after the building is finished in which to file his lien, even if his claim against the contractor is outlawed by time? If he have, then the statute is meaningless and the provision idle that *requires* him to file it within thirty days after the materials are furnished.

A decision in the courts of another state support, however, the construction of the act claimed by plaintiff, and must be examined. The mechanic's lien law of the city of Baltimore (*Laws of Maryland*, 1838, *chap.* 205, *sec.* 1) provides that every building erected in the city shall be subject to a lien for the payment of all debts contracted "for work done or materials furnished" for or about the erection or construction of the same; and further (*sec.* 13) provides that every such debt shall be a lien as aforesaid until the expiration of six months " after the work shall have been finished or materials furnished," etc. In the case of *The Okisko Co.* agt. *Matthews* (3 *Md.*, 176), it was held that the lienor was entitled to the

Gates agt. Buddensieck.

benefit of the two alternatives, *i. e.*, that his lien was good *either* for six months after the materials were furnished, or after the work was finished, in the course of which the materials were so furnished.

I should have supposed, from a reading of the statute, that the legislature intended to provide for two classes of debts, one for materials and one for work, and to have designed that if the lien was for the former, it was to continue for six months after the furnishing of the materials, and if the latter, then for six months after the doing of the work. Such is the interpretation which the language of a nearly similar provision in the Kings county, New York, mechanic's lien act of 1853 (*chap.* 335) has received from our court of appeals. The last-named act provided that the notice of claim must be filed before the expiration of "thirty days after the completion of the work or within sixty days after the materials are furnished," and the court held (*Spencer* agt. *Barnett*, 35 *N. Y.*, 94–96) that, in the case of a claim for materials, the notice must be filed within sixty days from the date of furnishing them. No suggestion was made that the material man had any "alternative" between the limitations in the statute.

The demurrer should be overruled, with costs.