## McMAHON v. HODGE et al.

(Common Pleas of New York City and County. General Term. February 6, 1893.)

MECHANIC'S LIEN—FILING NOTICE.

    A subcontractor on a building who fails to file his notice of lien in the county clerk's office within 90 days after he has finished his work, as required by Laws 1885, c. 342, § 4, acquires no valid lien on the premises.

Appeal from tenth district court.

Action by William McMahon against James Hodge, Elmer Schoonmaker, and others, to foreclose a mechanic's lien. From a judgment in plaintiff's favor, defendant Hodge appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Sherman Evarts, for appellant.

Samuel E. Duffey, for respondent.

BOOKSTAVER, J. This action was brought in the district court to foreclose a mechanic's lien filed on the 10th day of October, 1891, for $100, by the plaintiff, a subcontractor, for a balance due under an oral contract made with the principal contractor, Schoonmaker, for the mason work, chimneys, and plastering of a certain house to be erected by Schoonmaker for Hodge, the owner. The first question to be determined upon this appeal is whether or not the plaintiff acquired a valid mechanic's lien on the premises. There can be no doubt, from the evidence, that the work was finished, as far as the plaintiff ever finished it, in the spring of 1891. The plaintiff, on his direct examination, testified that it was in June, and on his cross-examination testified that he thought it was in April or the spring. This would bring it not latter than the 1st of July, while it is conceded the mechanic's lien was not filed until the 10th of October, 1891, more than 90 days after the completion of the work. Section 4 of the mechanic's lien act (c. 342, Laws 1885) requires that the notice of lien must be filed in the county clerk's office within 90 days after the completion of the contract, or the final performance of the work. If not filed within that time, the claim is absolutely void. Donaldson v. O'Connor, 1 E. D. Smith, 695; Lutz v. Ey, 3 E. D. Smith, 621; Hubbell v. Schreyer, 14 Abb. Pr. (N. S.) 284; Spencer v. Barnett, 35 N. Y. 94. While the mechanic's lien law makes benign provision for the payment of mechanic's, material men, and laborers, yet it is in derogation of the common law; and its provisions must be strictly complied with, in order to be of avail to them. In this case the lien was not filed in time, and therefore the complaint should have been dismissed. This question was not distinctly presented to the court below, and if it had been the testimony upon the point might have been more clearly presented. Having arrived at this con-

clusion, it is unnecessary to examine the other questions raised on the appeal. The judgment should be reversed, and a new trial ordered, with costs to the appellant, to abide the event.